IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 05 CR 254-2 |
| | ) | |
| HOSSEIN OBAEI, | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on the government's motion for revocation of the magistrate judge's order releasing Hossein Obaei ("Obaei"). For the reasons stated below, we grant the government's motion.

## BACKGROUND

Obaei has been charged in a two count complaint with engaging in a racketeering enterprise in violation of 18 U.S.C. § 1962(c) and personally aiding, abetting, and facilitating the distribution of cocaine and heroin by an international drug trafficking organization in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2. If convicted of the conduct alleged in the complaint, Obaei is facing a statutory penalty of ten years to life imprisonment. A magistrate judge held a detention hearing in this

1

matter on March 25, 2005 and May 5, 2005. During the March 25 hearing, the magistrate judge found that he could restructure conditions of release to ensure that Obaei would not flee prior to trial and held that Obaei could be released if Obaei could obtain five or more individuals that were willing to post a total of $1.5 Million in equity. The magistrate judge also ordered that if Obaei was released on this bond requirement, Obaei and his family would be required to relinquish their United States and Iranian passports to the court. Further, the magistrate judge also held that if Obaei was released, he would be restrained to home confinement with electronic monitoring. The government subsequently asked that the magistrate judge to reconsider his release order. On May 5, 2005, the magistrate judge held another hearing at which time he decided not to rescind or amend his order of March 25, 2005. The magistrate judge, on May 5, 2005, accepted the collateral offered on behalf of Obaei, and ordered that Obaei be released subject to the conditions specified in the March 25, 2005 order. The government sought a review of the magistrate judge's order releasing Obaei. Another district court judge temporarily stayed the magistrate judge's order and we further stayed the order of the magistrate judge pending briefing by the parties and a ruling by this court. On this date, the parties appeared before the court and agreed that the court should make a ruling based upon its review of the record before the magistrate judge. Our review is solely based upon the record before the magistrate judge.

## LEGAL STANDARD

Pursuant to 18 U.S.C. § 3145(a) ("Section 3145(a)"), the government or the defendant may seek a review of magistrate judge's release or detention order or amendment of the conditions of release. 18 U.S.C. § 3145(a). The Seventh Circuit has stated that even though Section 3145(a)(1) refers to "review" by the district judge, the district judge may conduct a *de novo* detention hearing, however, the district judge "who elects to do this . . . must follow the same procedures that apply to the taking of evidence" as provided under 18 U.S.C. § 3142(f) ("Section 3142(f)"). *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991). Section 3142(f), entitled "Detention Hearing" provides in part the following:

> The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community --

18 U.S.C. § 3142(f). The purpose of a pretrial detention hearing is to decide "whether there are conditions of release that can reasonably assure the appearance of a defendant at trial and, at the same time, preserve the safety of the community." *U.S. v. Warneke*, 199 F.3d 906, 908 (7th Cir.1999)(citing 18 U.S.C. § 3142(g)). Pursuant to 18 U.S.C. § 3142(g) ("Section 3142(g)"), entitled "Factors to be considered," a court must consider certain factors at a Section 3142(f) pretrial detention hearing which are as follows:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

3

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including--

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g).

## DISCUSSION

The government argues that the magistrate judge should have ordered Obaei be detained because the government presented sufficient evidence that showed that Obaei is a flight risk. The government argued that Obaei has been charged with a very serious offense and that he personally aided, abetted, and facilitated the distribution of large amounts of cocaine and heroin by an international drug

trafficking organization. The government proffered evidence that indicated that Obaei had engaged in a scheme involving drug trafficking and the laundering of funds obtained through illegal means. The government's proffer also showed that Obaei used extreme care and cunning to conceal from the United States' government the cash transactions of large amounts. The government's proffer further showed that, as the part owner of a car dealership, Obaei arranged for notorious gangs involved in drug dealings to purchase vehicles for cash. The proffer further showed that after receiving cash payment in full, Obaei fraudulently issued letters indicating that his dealership had a lien on the vehicles and when such a vehicle was seized by law enforcement and impounded, Obaei sought to retrieve the vehicle containing drugs by asserting the fraudulent lien.

The government also argued that, due to the serious charges brought against Obaei, he faced a statutory mandatory minimum sentence of ten years and a statutory maximum of life imprisonment if convicted. The government proffered evidence that indicated that Obaei had the financial means and travel documents, including an Iranian passport, which would enable him to quickly flee the United States. The government presented the magistrate judge with evidence that indicated that Obaei had traveled extensively to Iran using his Iranian passport. The government also brought to the attention of the magistrate judge Obaei's limited family ties in the United States and his extensive family ties overseas.

Obaei argued that he has not had any prior criminal history. He also argued

that he is married and has a wife and two children that reside in the United States. Obaei also argued that he owns a home in Northbrook and other properties in the Chicago area. Obaei also presented ten people at the May 5, 2005 hearing who were willing to post real estate totaling $1.5 Million.

Obaei was charged with a drug trafficking violation under 21 U.S.C. § 846 and 18 U.S.C. § 2. A defendant is presumed to be a flight risk "if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.) . . . ." 18 U.S.C. § 3142(e); 18 U.S.C. § 3142(f)(1). The government presented sufficient evidence to establish that there was probable cause to believe that Obaei committed the alleged drug trafficking offense and that such offense carries a statutory mandatory minimum sentence of ten years and a statutory maximum of life imprisonment. Therefore, there was a rebuttable presumption that Obaei was a flight risk. Based upon the record of the detention hearing before the magistrate judge, it is clear that Obaei was a flight risk and that he had not presented sufficient evidence to rebut the presumption. Since, the presumption was not rebutted, it was "presumed that no condition or combination of conditions w[ould] reasonably assure the appearance of [Obaei] as required. . . ." 18 U.S.C. § 3142(e). We also note that after Obaei's arrest, on March 22, 2005, Obaei waived his right to preliminary examination and the magistrate judge entered a finding of probable cause in this matter. The

magistrate judge therefore erred in ordering the release of Obaei.

In addition, even if the presumption as discussed above did not apply or was rebutted, the evidence presented by the government clearly reflects that no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) would reasonably assure the appearance of Obaei as required. The Seventh Circuit has held that the preponderance of the evidence standard is the appropriate standard for the flight risk analysis. *See U.S. v. Portes*, 786 F.2d 758, 765 (7th Cir. 1985)(indicating that the preponderance of the evidence standard applies for the flight risk analysis). The purpose of a bond is to ensure a defendant's appearance for trial. Whether a defendant is a poor bail risk depends on the specific facts in a given case. The magistrate judge's conclusion that a pledge of equity interest worth $1.5 Million by several individuals would be sufficient to ensure Obaei's appearance was clearly erroneous based upon the facts presented in this case. The government presented sufficient evidence by the preponderance of the evidence that Obaei is a flight risk and that no condition or combination of conditions would reasonably assure Obaei's appearance as required. The evidence reflects that Obaei was involved in illegal transactions that generated millions of dollars. Obaei is charged with serious offenses and the statute provides a significant sentence for a conviction of such offenses. Obaei is an Iranian immigrant who became an American citizen through naturalization. At the time of his naturalization, Obaei took an oath to denounce and abjure all allegiance and fidelity to any foreign country of which he was a citizen.

However, Obaei has maintained his Iranian citizenship and has traveled on an Iranian passport. Obaei lied to pretrial services about his possession of an Iranian passport and the evidence presented reflects that he traveled to Iran with regularity during the last two years and at the time of his arrest, he was in possession of Iranian currency in his wallet.

Obaei has family overseas that could act as a support network for him and would be able to offer him shelter and help him avoid prosecution by the United States government. He has traveled extensively to Iran in the past few years and had carried an Iranian passport. He also has ample funds to facilitate travel. Even though some of Obaei's friends and family are willing to put forth their properties for Obaei's bond, Obaei's prior disrespect for the law and past actions and criminal activities, indicates that Obaei would not hesitate for one moment to ditch his friends and family. Any argument by Obaei that he would surrender his Iranian passport and thus not be able to travel is laughable considering that Obaei would be able to easily obtain another Iranian passport or use any other means to leave the country.

The government states that, during the March 25, 2005 detention hearing, the magistrate judge expressed concerns relating to the manner in which Obaei had obtained his United States citizenship and had indicated that he would reconsider his decision as to bail if Obaei had not properly obtained his citizenship. However, the government argues that when the government presented evidence to the magistrate

judge during the May 5, 2005 hearing, indicating that Obaei had entered into a sham marriage, and based upon such marriage he had fraudulently obtained his citizenship, the magistrate judge held that he would not reconsider his ruling and noted that 18 U.S.C. § 3142(g) did not include immigration or naturalization status as a factor to be considered in assessing risk of flight. Such conclusion was clearly erroneous as the factors in 18 U.S.C. § 3142(g) include "the history and characteristics of the person," such as "the person's character . . . length of residence in the community, . . .[and] past conduct . . . ." 18 U.S.C. § 3142(g). Fraudulently obtaining an immigrant status and citizenship is an indication of the person's character. Obaei would not have had any length of residence in the community absent such alleged fraud. Also, such fraud is an example of past conduct that can properly be considered. Being conferred United States citizenship through naturalization is the highest honor and privilege that can be bestowed upon an immigrant, and the perpetration of fraud in order to gain citizenship is unquestionably relevant to an assessment of the individual's character. Thus, it is a relevant factor to be considered in assessing risk of flight.

Based upon the record in its entirety, this court concludes that the magistrate judge erred in ordering the release of Obaei with conditions. This court concludes that based upon our review of the record before the magistrate judge no condition or combination of conditions would reasonably assure the appearance of Obaei as required.

## CONCLUSION

Based on a review of the record in its entirety, and the foregoing analysis, we revoke the release order of the magistrate judge, and find that detention is appropriate.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: June 7, 2005